Behrens *v.* Miller.

## City Court.

*Trial Term—February,* 1888.

HENRY J. BEHRENS, JR., AS PRESIDENT OF THE NON-PAREIL ROWING CLUB, *against* CHRISTIAN MILLER.

Unless there is a likelihood that a breach of the peace will be committed, or that the sparring is in the nature of a prize-fight, it is not illegal at an athletic entertainment, and the police have no right to stop it.

Where the owner of a hall lets it for an athletic entertainment, and refuses to permit it to be held, because he has failed to procure a renewal of his license to let the hall for theatrical purposes, the measure of damages is the difference between the probable profits, to be proved with reasonable certainty, and the expenses proved.

The plaintiff sued to recover damages for a breach of contract, by which the defendant, the proprietor of " Turn Hall," let it to the plaintiff for an athletic entertainment, to be held on the evening of December 14, 1886. The affair was extensively advertised, and sparring and gymnastics formed a feature of it. On the evening when it was announced to come off great crowds had collected about the door, seeking admission, which the defendant refused, because his theatrical license from the mayor had expired December 1, and had not been renewed. The question of law arising upon the trial was disposed of by MCADAM, Ch. J., in his charge to the jury, as follows.

*G. Welch,* for plaintiff.

*C. Steckler,* for defendant.

McADAM, Ch. J. (*inter alia*), charged the jury that unless there was a likelihood that a breach of the peace would be committed, or that the sparring was in the nature of a prize-fight, the police had no power to interfere with the proposed entertainment; that sparring forms part of the physical education of students in our best colleges, and that, legitimately exercised, it is innocent pastime, and assists the body as intellectual exercises assist the mind.

There was, therefore, nothing in the proposed entertainment which was of an illegal nature, and its character forms no defense to the action. The real difficulty is that the defendant had failed to obtain the renewal of his theatrical license, and could not, therefore, open his hall. This is the reason the defendant assigned, and is no doubt the only one why the plaintiff was deprived of the hall on the night in question. This does not excuse the defendant from the performance of his contract. He knew the character of the entertainment the plaintiff intended to give, and should, if he had fears about obtaining a renewal of his license, have made the hiring conditional upon obtaining it. He did not do this, and, however innocent his intentions, he must make the plaintiff's loss good. Upon the question of damages, the court charged that the plaintiff is entitled to the profit it would have made if the entertainment had been allowed to go on ; and this profit must be ascertained by the jury to a reasonable certainty from the evidence. 1037 fifty-cent and 107 seventy-five-cent tickets were distributed, and these, if sold, would have realized $598.75. The actual expenses, which proved to be $180, must of course come out, and this would leave an apparent loss of profit amounting to $418.75. I do not tell you that this amount

Behrens *v.* Miller.

of loss has been proved—it has not; but you are to say, from the evidence of the actual sales made, and what would in all reasonable probability be made, what the profit would have been, giving the defendant the benefit of all reasonable doubt on the subject, and allowing the plaintiff only for the actual loss you are satisfied it suffered. The proof shows that there was a large crowd at the door seeking admission tickets on the night in question. This crowd has been variously estimated from one hundred and fifty to five hundred or six hundred. You may give this evidence such weight as it deserves, in aiding you to arrive at a satisfactory conclusion.

The jury found in favor of the plaintiff for $125.

### Damages for Breach of Contract to Deliver a Lecture.

" Bob " Ingersoll agreed to deliver a lecture under the direction of the plaintiff, who was to have the sale of, and the money received for the admission tickets. The defendant was to have $250 for his services. He failed to attend. pursuant to the agreement, and the plaintiff sued for damages. The court held that a party to a contract may recover as damages the loss of the benefits and gains he would have realized from its performance ; and that in this case the evidence was such that the amount of profits lost by the plaintiff was not too uncertain, as it tended to show that if the defendant had performed his agreement the plaintiff would have realized from the sale of admission tickets a sum equal to the amount of the verdict ($102) over and above the sum he agreed to pay to the defendant, and the expenses incident to the lecture, and that the damages were, therefore, the direct result of the breach ; and the judgment was affirmed (Savary *v.* Ingersoll, 46 *Hun*, 176).